AUGUSTA D. BOYD, Executrix *vs.* ANDREW JENSEN.

Cumberland.    Opinion November 23, 1922.

*A valid title based upon the non-payment of a tax cannot be acquired by a party*
*seeking to maintain such a title who was under an obligation to pay such tax.*
*Failure by the plaintiff to pay a tax which defendant is under a*
*legal obligation to pay is not laches of which defendant*
*can take advantage.*

One who is under an obligation to pay a tax is precluded from acquiring a valid title based upon its non-payment.

Failure on the part of the plaintiff to pay a tax which the defendant is under legal obligation to pay is not laches that the defendant can take advantage of.

The defendant by stipulation in his mortgage of real estate agreed to pay the taxes upon the mortgaged property.    In default of such payment the property was sold for taxes.    It was bought by a third party, who sold to the defendant.

The plaintiff executrix of the mortgage foreclosed the mortgage and brought this real action.    Plaintiff held entitled to recover.

On exceptions.    A real action brought by the executrix of the will of Charles H. Boyd.    In July 1913, defendant owned a parcel of real estate situated in Westbrook and on July 31, 1913 gave to plaintiff's testate a mortgage on it with covenants of warranty and agreement to pay taxes.    The property was sold for non-payment of taxes assessed in 1913, and a deed given to one Theodore Kerr.    It was sold a second time for non-payment of taxes assessed in 1914, and a deed given to one William Hebert.    Subsequently said William Hebert for a valuable consideration quitclaimed the property to defendant, the original mortgagor.    After the death of mortgagee in 1920, plaintiff was appointed executrix and foreclosed the mortgage

and after the expiration of the equity of redemption brought this action to oust defendant who refused to surrender the premises. The case was heard by the presiding Justice without a jury who found for plaintiff and defendant excepted.   Exceptions overruled.

The case is stated in the opinion.

*Philip G. Clifford*, for plaintiff.

*Wade L. Bridgham*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY, JJ.

DEASY, J.   On exceptions by defendant to ruling of single Justice who heard the case without a jury.

A real estate mortgage given by the defendant to Charles H. Boyd in 1913 was in 1920 foreclosed by the plaintiff as executrix of the mortgagee.   The right of redemption having expired the plaintiff brings this real action to recover the property.

The defendant sets up in defense a tax deed to one William Hebert, and a deed from Hebert to himself.   It is conceded that the tax was duly assessed, the property properly advertised and sold and the sale therefore valid.   The tax for non-payment of which the sale was had was assessed in 1914.   This the defendant was under obligation to pay.   His mortgage contained an agreement binding him to pay this tax.   He now seeks to take advantage of his failure to keep his contract.

The law applicable to this situation is thus stated by the Maine court in *Dunn* v. *Snell*, 74 Maine, 24: "One whose duty it is to pay the taxes upon land to prevent a sale of the same, cannot acquire a title by such sale and conveyance as against the real owner, but the vendee's deed will be treated as void from the beginning."   See also *Varney* v. *Stevens*, 22 Maine, 331 and *Burgess* v. *Robinson*, 95 Maine, 127.

In other jurisdictions many other cases to the same effect are found.   It is unnecessary to cite them.   Several such authorities are collated in a note to *McAlpin* v. *Zitser*, (Ill.), 10 N. E., 902, which thus felicitously states the principle:   "One who is under a legal or moral obligation to pay a tax is precluded from acquiring a valid title based upon its non-payment."

The case discloses that the property was also sold for the tax of 1913 and bought by one Theodore Kerr.   This is immaterial.   Hebert

acquired a title which was good against all persons including Kerr. Property acquired by tax deed is subject to taxation precisely as is property acquired in any other way. Hebert's title was complete, but the defendant having acquired it is estopped to set it up.

There is no merit in the defendant's contention that the plaintiff's action is barred by laches. Failure on the part of the plaintiff to pay a tax which the defendant is under legal obligation to pay is not laches that the defendant can take advantage of.

*Exceptions overruled.*